IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WALTER and HELEN WALTER,<br>      Plaintiffs,<br><br>      vs.<br><br>THE UNITED STATES OF AMERICA,<br>      Defendant. | )<br>)<br>)<br>)   Civil Action No. 09-420<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

On April 9, 2009, Plaintiffs, David and Helen Walter, brought this action against the United States of America pursuant to 28 U.S.C. § 1346(a)(1), seeking to recover federal income taxes for tax year 2002 in the amount of $5,670 that were overpaid yet not refunded by the Internal Revenue Service (IRS). They also sought an order requiring the IRS to apply this refund first to the underpayment of taxes for 2003 and 2004, and in their motion for summary judgment they requested permission to amend their complaint to include tax years 2005 and 2006. The United States opposed the refund on the ground that the statute of limitations for requesting it had expired and that Plaintiffs did not establish that they were entitled to statutory tolling on the ground that they were "financially disabled" pursuant to 26 U.S.C. § 6511(h). On December 16, 2009, an order was entered (Docket No. 25), denying Defendant's motion for summary judgment and granting Plaintiffs' motion for summary judgment. On that same date, the Court filed a memorandum opinion (Docket No. 26) and an order entering judgment in Plaintiffs' favor pursuant to Rule 58 of the Federal Rules of Civil Procedure (Docket No. 27).

On January 14, 2010, Plaintiffs filed a motion for reasonable litigation costs and

attorneys' fees pursuant to 26 U.S.C. § 7430.[1]  They seek $519.36 in court costs and $11,563.67 in attorneys' fees, representing 66.9 hours at the rate of $172.85 per hour.  On February 4, 2010, Defendant submitted a response in opposition.  Plaintiffs filed a reply brief and Defendant filed a sur-reply.  For the reasons that follow, the motion will be granted, but the amount of attorneys' fees will be adjusted.

<u>Applications for Reasonable Litigation Costs Pursuant to 26 U.S.C. § 7430</u>

The Internal Revenue Code provides that, in any proceeding brought by or against the United States in connection with the determination, collection or refund of any tax, interest or penalty, "the prevailing party may be awarded a judgment or a settlement for ... reasonable litigation costs incurred in connection with such court proceeding."  26 U.S.C. § 7430(a)(2).  The term "reasonable litigation costs" includes reasonable court costs, § 7430(c)(1)(A), and reasonable attorneys' fees, § 7430(c)(1)(B)(iii).

The term "prevailing party" is defined as "any party ... which has substantially prevailed with respect to the most significant issue or set of issues presented" and "which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code ... and meets the requirements of section 2412(d)(2)(B)...." § 7430(c)(4)(A)(i)(II), (ii).  The first sentence of § 2412(d)(1)(B) requires a party seeking to recover an award of fees and other expenses to submit, within thirty days of final judgment, an application for fees and other expenses which shows that it is a prevailing party and the amount sought including an itemized

---

[1] Plaintiffs' motion invoked the Equal Access to Justice Act, 28 U.S.C. § 2412.  Defendant noted in its response that § 7430 governs the award of fees and costs in a tax refund suit (Docket No. 33 at 2).  Plaintiffs concede this point in their reply brief.  (Docket No. 35 at 1.)  <u>See</u> § 2412(e) (stating that the provisions of the EAJA do not apply to proceedings to which § 7430 applies).

statement by the attorney stating the actual time expended and the rate at which the fees were computed. Section 2412(d)(2)(B) defines the word "party" to mean "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(i). In addition, the party must exhaust available administrative remedies. 26 U.S.C. § 7430(b)(1).

If the United States establishes that its position was substantially justified, a party shall not be treated as a prevailing party. § 7430(c)(4)(B)(i). The United States bears the burden of establishing that its position was substantially justified. 26 U.S.C. § 7430(c)(4)(B)(i). Pacific Fisheries, Inc. v. United States, 383 F.3d 1103, 1107 (9th Cir. 2007); St. David's Health Care Sys. v. United States, 349 F.3d 232, 234 (5th Cir. 2003); Sherbo v. Commissioner, 255 F.3d 650, 653 (8th Cir. 2001).[2] When the final determination with respect to tax liability is made by a court, the court shall determine whether a party is a prevailing party. § 7430(c)(4)(C)(ii). However, even if a plaintiff satisfies the statutory requirements, an award is not mandatory but is a matter committed to the court's discretion. KM Sys., Inc. v. United States, 360 F. Supp. 2d 641, 643 (D.N.J. 2005).

In an affidavit submitted with the motion for costs and attorneys' fees, Plaintiffs' counsel, James Carney, avers that: 1) Plaintiffs submitted a request for a refund which was denied on the ground that it had been filed too late; 2) they appealed this decision and included with their

---

[2] The Court of Appeals for the Third Circuit had held that the burden is on the taxpayer to demonstrate that the position of the United States was not substantially justified. Nicholson v. Commissioner, 60 F.3d 1020, 1025 (3d Cir. 1995). However, that case was decided in 1995 under a prior version of the statute. "A 1996 amendment to the statute explicitly placed the burden of proof on this issue on the government when it added § 7430(c)(4)(B). Sherbo, 255 F.3d at 653.

3

appeal a statement from their family physician explaining the physical and mental conditions which made them incapable of filing their 2002 return, but the IRS never ruled on this appeal; 3) after making numerous inquiries of the IRS offices in Fresno and Philadelphia, Attorney Carney learned that the IRS had apparently lost the file; 4) Attorney Carney made numerous inquiries of the National Taxpayer Advocate's Office and the two cited appeals offices, but received no replies; 4) Plaintiffs filed this action because the IRS had lost their file and was unwilling to address the situation or recreate the file; 5) they have incurred court costs of $519.36; 6) he spent 66.9 hours of time on this case; 7) Plaintiffs' net worth is less than $2 million; and 8) Plaintiffs have been paying their counsel at the rate of $200 per hour.  (Carney Aff. ¶¶ 3-24 & Exs. 1-7.)[3]

The United States argues that: 1) its position that Plaintiffs' refund application was untimely filed was substantially justified; 2) its position that Plaintiffs' financial disability claim failed as a matter of law was substantially justified; 3) Plaintiffs have not demonstrated that their net worth is less than $2 million because they have not submitted their own affidavits establishing this fact; and 4) they failed to exhaust their administrative remedies because the physician statement did not meet all of the elements of Revenue Procedure 99-21 and they have not even alleged that they exhausted their administrative remedies for the 2003 through 2006 tax years.

<u>Substantially Justified Position</u>

The United States contends that its position in this litigation was substantially justified, reiterating the argument it has made that Plaintiffs did not file their request for a refund in a timely manner and did not demonstrate that they were entitled to statutory tolling of the statute of

---

[3]    Pls.' Mot. (Docket No. 30) Ex. A.

limitations on the ground that they were "financially disabled" pursuant to 26 U.S.C. § 6511(h). It further contends that it has not taken the "position" that it lost the file and that Plaintiffs may not refer to prelitigation events.

Plaintiffs argue that the United States's position, both prelitigation and through this litigation, has not been substantially justified. Plaintiffs highlights the following points: 1) the government's prelitigation position was that it had lost the file and would do nothing about it, forcing them to file suit as the only way to receive any relief in their case; 2) the government's position in this litigation was that Plaintiffs were not financially disabled and that their physician certificate of disability was deficient in two technical matters that Plaintiffs corrected.

The United States responds that its position has consistently been that Plaintiffs' refund claim was untimely. It further argues that Plaintiffs improperly refer to the IRS's failure to act as the position of the United States when the relevant statute contains no such definition.

Under § 7430, the phrase "position of the United States" means:

    (A) the position taken by the United States in a judicial proceeding to which subsection (a) applies, and

    (B) the position taken in an administrative proceeding to which subsection (a) applies as of the earlier of--

        (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or

        (ii) the date of the notice of deficiency.

26 U.S.C. § 7430(c)(7). Notably, this definition is not the same as that contained in the EAJA, which also references the "failure to act by the agency." 28 U.S.C. § 2412(d)(2)(D). Plaintiffs cite several older cases in which courts interpreting § 7430 referred to § 2412. Estate of Merchant v. Comm'r, 947 F.2d 1390, 1393 (9th Cir. 1991); Powell v. Comm'r, 791 F.2d 385,

390 (5th Cir. 1985). However, these cases predate various amendments to § 7430, which distinguish it from § 2412. See Pacific Fisheries, 484 F.3d at 1109-10 (explaining differences between the two statutes and reaffirming the holding of Huffman v. Commissioner, 978 F.2d 1139 (9th Cir. 1992) that § 7430 requires a "bifurcated analysis" of whether the government's position was substantially justified at each stage of the proceedings).

Thus, Plaintiffs cannot refer to a position taken by the United States at the prelitigation phase to recover attorneys' fees incurred during this litigation and they cannot refer to the failure to act by the IRS as the "position of the United States." See Pacific Fisheries, 484 F.3d at 1110 ("Congress intended the fee-shifting inquiry under the tax statute to be different from the fee-shifting inquiry under the EAJA. The tax statute includes no gap filler for including prelitigation agency action as part of the government's position in litigation.")

The government's position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person" or had a "reasonable basis both in law and in fact." Nicholson, 60 F.3d at 1026. See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). In this case, the government's position is that Plaintiffs did not file their request for a refund in a timely manner and did not demonstrate that they were entitled to statutory tolling of the statute of limitations on the ground that they were "financially disabled" pursuant to 26 U.S.C. § 6511(h). It argued that Plaintiffs' physician statement failed to strictly comply with Revenue Procedure 99-21 and that David Walter's deposition testimony demonstrated that he could not meet the statutory definition.

In resolving the cross-motions for summary judgment, this Court concluded that the cases cited by the United States in support of strict compliance with Revenue Procedure 99-21 were

inapplicable because in most of them, no physician statement was provided at all.  The Court observed that no case had ever held that a treating physician's statement that contained a technical deficiency that was easily corrected was nevertheless insufficient under § 6511(h).  The physician statement substantially complied with the Revenue Procedure, and, to the extent that it did not, the technical deficiencies were cured by the supplemental statement.  Moreover, the IRS did not reject the physician statement.  Rather, it simply never addressed it.  As observed in the Memorandum Opinion, Plaintiffs have averred that the IRS lost the administrative file and the United States has not denied this statement.

The Court concludes that the United States has not met its burden of demonstrating that its position was substantially justified.  Its contention that a physician's statement that substantially complies with a revenue procedure except for two technical deficiencies that could be–and were–easily corrected does not have a substantial basis in law.  In addition, the United States cited no medical evidence to counter the physician's statement, but instead attempted to rely on David Walter's deposition testimony to undermine his claim of financial disability.  As noted in the Memorandum Opinion, there is no authority for taking a claimant's deposition and using it in this manner when he has submitted the required documentation pursuant to the statute and the Revenue Procedure.[4]

<u>Net Worth Requirement</u>

As noted above, to be a prevailing party for purposes of § 7430, a taxpayer must meet the

---

[4] The United States also argues that David Walter made statements at his deposition that his decision to stop filing federal income tax returns was retaliation for the perceived slight of the IRS rejecting his 2003 return and that this retaliatory motive constitutes an independent basis for denying Plaintiffs' motion.  However, it cites no authority for this argument.

requirement of the first sentence of 28 U.S.C. § 2412(d)(1)(B), namely that the party "submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection." For purposes of this section, the term "party" means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(i). Attorney Carney has submitted an application showing that Plaintiffs are the prevailing party and has stated in his affidavit that Plaintiffs' net worth is less than $2 million. (Carney Aff. ¶ 23.)

The United States contends that Plaintiffs have failed to demonstrate that their net worth is less than $2 million because they did not file their own affidavits attesting to this fact. It cites Avancena v. Commissioner, which held that the statement "shall be supported by an affidavit executed by the moving party and not by counsel for the moving party." T.C. Memo. 1992-337 (June 15, 1992). However, Avancena was a Tax Court case and the quote is taken from Tax Court Rule 231(b)(4). The United States has cited no authority demonstrating that federal district courts should apply Tax Court rules. Nor has it challenged the assertion that Plaintiffs' net worth is less than the statutory amount. Counsel has asserted that their net worth is less than the statutory amount, and his assertions fall within the requirements of Rule 11 of the Federal Rules of Civil Procedure. Therefore, this argument is rejected.

Exhaustion of Administrative Remedies

The United States argues that Plaintiffs did not exhaust their administrative remedies because the physician statement did not contain all of the elements required by Revenue Procedure 99-21. This Court has already held that the physician statement substantially complied with the Revenue Procedure, that Plaintiffs cured any technical deficiency when they submitted a

supplemental physician's statement and that the IRS could not rely on this argument when it had not even rejected the physician's statement at the administrative level, but had instead failed to rule upon it. Thus, this argument is again rejected.

Amount of Attorneys' Fees

In the alternative, Defendant argues that Plaintiffs' request for attorneys' fees should be reduced because Plaintiffs' counsel has not submitted any bills that he sent to them or receipts of payment, because the proposed amount of attorneys' fees exceeds the underlying judgment, because it is unreasonable for counsel to assert that he spent 10.7 hours on the statement of undisputed facts and because certain other amounts are not reasonable. Plaintiffs respond they may seek fees because they have incurred them and that the amounts requested are reasonable.

Section 7430 provides that prevailing parties may seek, based upon prevailing market rates for the kind or quality of services furnished:

> reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $125 per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate.
>
> > In the case of any calendar year beginning after 1996, the dollar amount referred to in clause (iii) shall be increased by an amount equal to such dollar amount multiplied by the cost-of-living adjustment determined under section 1(f)(3) for such calendar year, by substituting "calendar year 1995" for "calendar year 1992" in subparagraph (B) thereof. If any dollar amount after being increased under the preceding sentence is not a multiple of $10, such dollar amount shall be rounded to the nearest multiple of $10.

§ 7430(c)(1)(B)(iii).

Geoffrey Klimas, counsel for the United States in this matter, has stated that:

> The Plaintiffs' attorney James Carney made an offer-in-compromise to the

9

> United States on October 7, 2009. Less than twenty-four hours later, he revoked that offer-in-compromise.
>
> On December 16, 2009, Carney sent me a list of the hours he had worked on [this case]. When I informed him that the hours did not add up to the total number he claimed, he followed up with me and stated that he had calculated them incorrectly.
>
> After Carney filed his motion seeking attorney fees, I requested that he provide me with bills that he sent to the Walters and/or receipts of payment. He did not provide me with either.

(Klimas Decl. ¶¶ 2-4.)[5]

In response, Attorney Carney has stated that: 1) in connection with filing Plaintiffs' 2002 return, he notified the Fresno office of the IRS that the return was being filed late because David Walter suffered from depression and had been unable to complete the return; 2) at the beginning of his representation of the Plaintiffs, they executed a fee agreement with him providing that they would pay him for his services at the rate of $200 per hour and he furnished this agreement to the IRS; 3) his estimate of the amounts due is that Plaintiffs will receive about $10,000; and 4) he withdrew his compromise offer after counsel for the IRS indicated that he did not have any authority to negotiate and that any offer would be rejected or accepted by his superiors without the possibility of a counter offer. (Carney Decl. ¶¶ 3-8.)[6]  Thus, Attorney Carney argues that the United States cannot contend that Plaintiffs are precluded from seeking attorneys' fees because they have not incurred them. "For purposes of section 7430, fees are 'incurred' when there is a legal obligation to pay them." Hoyt v. Comm'r, T.C. Memo. 2006-189, 2006 WL 2564109, at *9 (Sep. 6, 2006). He further notes that Plaintiffs' award and the amount of attorneys' fees sought

---

5   Def.'s Opp'n (Docket No. 33) Ex. 1.

6   Pls.' Reply (Docket No. 34) Ex. 1.

are approximately equal and thus the United States's argument that the fees are excessive because they exceed the amount of the award should be rejected. In addition, the United States cites no authority for this proposition.

The United States contends that Carney indicates that he spent 10.7 of the 66.9 total hours on the statement of undisputed facts and that this amount and proportion of time are facially unreasonable. Carney responds that he prepared the initial draft of this document which ended up including 70 paragraphs and that he had to spend extensive time seeking agreement from IRS counsel and thus this time is not unreasonable.

The United States argues that it should be not forced to pay attorneys' fees for: 1) the four hours Carney spent traveling, including one entry when he apparently traveled for the sole purpose of picking up a document; 2) the .3 hours he spent on a "compromise offer" that he revoked less than 24 hours after making; and 3) the .4 hours he spent to "follow up with [Attorney Klimas] on count of hours" which was necessitated by the fact that he miscalculated the number of hours spent on the case. Carney responds that: 1) the United States cites no authority that his travel time is not compensable and it was necessary to meet with clients, attend a deposition and gather evidence in the case; and 2) the compromise offer was withdrawn after counsel for the IRS indicated that he did not have the authority to negotiate and that any offer would be rejected or accepted by his superiors without the possibility of a counter offer. Carney has not responded to the third point concerning time spent because he had miscalculated the number of hours he spent on the case.

Attorney Klimas replies that, at Attorney Carney's request, many non-medical facts were included in the Joint Statement of Undisputed Facts, including David Walter's income as a bus

driver, his ability to math computations and his interactions with his broker. (Klimas Decl. II ¶ 3.)[7] He further states that never informed Attorney Carney that he did not have the authority to negotiate. Rather, he represented that, while he did not have final settlement authority, his recommendations carried significant weight and he did negotiate with Attorney Carney. (Klimas Decl. II ¶ 4.)

The Court concludes that Attorney Carney's details of his time are reasonable, with the following exceptions: 1) he may not seek the .4 hours he spent to "follow up with [Attorney Klimas] on count of hours" which was necessitated by the fact that he miscalculated the number of hours spent on the case; 2) he may not seek the .3 hours he spent on a "compromise offer" that he revoked less than 24 hours after making it on the ground that Attorney Klimas had no authority to negotiate with him, an argument that is not supported in the record; and 3) he may not seek the entire 10.7 hours he spent on the Joint Statement of Undisputed Facts, because some of the facts were not relevant to this Court's decision in that they discussed David Walter's non-medical conditions, but his hours spent on the Joint Statement will be reduced to 5.4 hours. Thus, his total hours will be reduced to 60.9.

For fees incurred during calendar year 2008, the attorneys' fee award limitation in § 7430(c)(1)(B)(iii) is $170 per hour. See Revenue Procedure 2007-66, § 3.39. For fees incurred during calendar year 2009, the attorneys' fee award limitation in § 7430(c)(1)(B)(iii) is $180 per hour. See Revenue Procedure 2008-66, § 3.38. For fees incurred during calendar year 2010, the attorneys' fee award limitation in § 7430(c)(1)(B)(iii) is $180 per hour. See Revenue Procedure 2009-50, § 3.37. Accordingly we award payment for 1.8 hours expended during 2008 (1.8 x

---

[7]  Def.'s Surreply (Docket No. 39) Ex. 1.

$170 = $306.00) and 59.1 hours expended during 2009 and 2010 (59.1 x $180 = $10,638.00), for a total of 60.9 hours and a total attorneys fee award of $10,944.00.

      An appropriate order follows.

                                        s/Robert C. Mitchell
                                        ROBERT C. MITCHELL
                                        United States Magistrate Judge

Dated: March 2, 2010