IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WALTER and HELEN WALTER,  )<br>   Plaintiffs,     )<br>              )<br>   vs.           )<br>              )<br>THE UNITED STATES OF AMERICA, )<br>   Defendant.     )<br>              ) | Civil Action No. 09-420 |

MEMORANDUM OPINION

   Currently before the Court is Plaintiffs' Supplemental Motion for Counsel Fees (Docket No. 44), in which they seek to be reimbursed for attorneys' fees their counsel incurred in connection with their original motion for attorneys' fees.  Defendant opposes the motion.

   On April 9, 2009, Plaintiffs, David and Helen Walter, brought this action against the United States of America pursuant to 28 U.S.C. § 1346(a)(1), seeking to recover federal income taxes for tax year 2002 in the amount of $5,670 that were overpaid yet not refunded by the Internal Revenue Service (IRS).  They also sought an order requiring the IRS to apply this refund first to the underpayment of taxes for 2003 and 2004, and in their motion for summary judgment they requested permission to amend their complaint to include tax years 2005 and 2006.  The United States opposed the refund on the ground that the statute of limitations for requesting it had expired and that Plaintiffs did not establish that they were entitled to statutory tolling on the ground that they were "financially disabled" pursuant to 26 U.S.C. § 6511(h).  On December 16, 2009, an order was entered (Docket No. 25), denying Defendant's motion for summary judgment and granting Plaintiffs' motion for summary judgment.  On that same date, the Court filed a memorandum opinion (Docket No. 26) and an order entering judgment in Plaintiffs' favor

pursuant to Rule 58 of the Federal Rules of Civil Procedure (Docket No. 27).

On January 14, 2010, Plaintiffs filed a motion for an award of costs and counsel fees pursuant to 26 U.S.C. § 7430 (Docket No. 30). They sought $519.36 in court costs and $11,563.67 in attorneys' fees, representing 66.9 hours at the rate of $172.85 per hour. On March 2, 2010, an order was entered granting in part and denying in part Plaintiffs' motion (Docket No. 42). Specifically, the motion was granted but the amount for attorneys' fees was adjusted to $10,944.00.

On March 4, 2010, Plaintiffs filed a motion to recover the 9.3 hours that their counsel, James Carney, spent in litigating their motion for attorneys' fees, at $180.00 per hours, or a total of $1,674.00. They argue, citing Commissioner of the Immigration and Naturalization Service v. Jean, 496 U.S. 154 (1990), that they need not demonstrate that the government's position with respect to their original motion for attorneys' fees lacked substantial justification. Rather, they contend that the Court's finding that the government's position in this litigation lacked substantial justification operates as a one-time threshold for fee eligibility and that they are entitled to a supplemental award to take into account fees incurred in litigating the initial fee petition.

In opposition, the United States argues that Jean involved the Equal Access to Justice Act, 28 U.S.C. § 2412 (the EAJA), rather than § 7430; that its position that Plaintiffs had not established that their net worth was less than $2 million was reasonable; that its position that Plaintiffs had not exhausted their administrative remedies was reasonable; that its position that David Walter's retaliatory motive for not filing tax returns served as an independent basis to deny their fee petition was reasonable; and that its position that their fee request was

unreasonable was substantially justified.

The Internal Revenue Code provides that, in any proceeding brought by or against the United States in connection with the determination, collection or refund of any tax, interest or penalty, "the prevailing party may be awarded a judgment or a settlement for ... reasonable litigation costs incurred in connection with such court proceeding."  26 U.S.C. § 7430(a)(2). The term "reasonable litigation costs" includes reasonable court costs, § 7430(c)(1)(A), and reasonable attorneys' fees, § 7430(c)(1)(B)(iii).

The EAJA provides that:

> a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In <u>Jean</u>, the Supreme Court held that: 1) because the statute refers to fees incurred "in any civil action" and refers to "the position of the United States" in the singular, courts need make only one finding about the justification of the government's position; 2) the EAJA, like other fee-shifting statutes, favors treating a case as an inclusive whole, rather than as atomized line-items; 3) the government's concern that the allowance of an automatic award of "fees for fees" will encourage exorbitant fee requests, generate needless litigation and unreasonably burden the public fisc was not realistic given the fact that fee awards are not automatic and are within the court's discretion, and in contrast allowing further litigation over the question of whether the government's position with respect to the original fee award was substantially justified will generate multiple fee litigation, and the government's general interest in protecting the federal fisc is subordinate to the specific statutory goals of encouraging private

parties to vindicate their rights and curbing excessive regulation and the unreasonable exercise of government authority.  496 U.S. at 159-65.

The United States argues that Jean concerns the EAJA, not § 7430.  However, the statutory language is the same or similar with respect to this issue and the United States has not explained why § 7430 fee for fee requests should have a different result.  Contrary to the argument made by the United States, the statutory language at issue is not "the position of the United States," which, as this Court observed in an earlier opinion, is different in the EAJA than it is in § 7430.  Rather, pursuant to the EAJA, parties may recover fees and other expenses incurred "in any civil action," and pursuant to § 7430, they may recover fees incurred "in connection with such court proceeding."  The United States has not explained why this minor difference in language should yield a different result or why the reasoning of Jean should not apply to fee for fee petitions under § 7430.

Nor has the United States cited case law to support its position that fee for fee requests are unavailable under § 7430.  To the contrary, courts have applied Jean and awarded fees for fees petitions in § 7430 cases.  See, e.g., Ragan v. Comm'r, 210 F.3d 514, 518 (5th Cir. 2000); Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993); Huffman v. Comm'r, 978 F.2d 1139, 1149 (9th Cir. 1992); Fields v. Comm'r, 2002 WL 31890045, at *8 (T.C. Dec. 30, 2002).

In resolving Plaintiffs' motion for fees, the Court concluded that the United States had not met its burden of demonstrating that its position was substantially justified.  The issue need not be relitigated.  Nor is it necessary to relitigate the other issues cited by the United States: whether its position that Plaintiffs had not established that their net worth was less than $2 million was reasonable (it was not–the United States relied on a Tax Court rule); whether its

4

position that Plaintiffs had not exhausted their administrative remedies was reasonable (it was not–this issue was already resolved in the opinion on the motions for summary judgment); whether its position that David Walter's retaliatory motive for not filing tax returns served as an independent basis to deny their fee petition was reasonable (it was not–the United States cited no authority for the "retaliatory motive" basis); and whether its position that their fee request was unreasonable was substantially justified (it was not–the award and fees sought were not disproportionate and the United States cited no authority for this argument).

Amount of Attorneys' Fees

In the alternative, the United States argues that Plaintiffs' fees for fees request should be reduced because Attorney Carney has not submitted any bills that he sent to them or receipts of payment, because he indicates that he spent 5.5 hours researching and drafting a reply to the opposition to his original fee petition but this was necessitated by his own failure to cite the correct statute in the first instance, because the reply brief merely rehashed the arguments from the initial brief, and because they seek fees incurred after the briefing on the original fee petition concluded (i.e., the final 2.6 hours requested).

The Court concludes that Attorney Carney's request for fees is reasonable.  Therefore, it will be granted.

For fees incurred during calendar year 2010, the attorneys' fee award limitation in § 7430(c)(1)(B)(iii) is $180 per hour.  See Revenue Procedure 2009-50, § 3.37.  Accordingly we award payment for 9.3 hours expended, for a total attorneys' fee award of $1,674.00.

An appropriate order follows.

                                                                               s/Robert C. Mitchell  
                                                                               ROBERT C. MITCHELL  
                                                                               United States Magistrate Judge

Dated: March 23, 2010